UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY L. PANSIER and
JOAN R. PANSIER,

        Appellants,

        v.                                         Case No. 19-C-537

UNITED STATES OF AMERICA,

        Appellee.

## DECISION AND ORDER

In this bankruptcy appeal, Appellants Gary and Joan Pansier seek review of a decision of the United States Bankruptcy Court for the Eastern District of Wisconsin, which granted Appellee United States of America's motion to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow the Internal Revenue Service (IRS) to collect Gary Pansier's pension income and apply those funds to Appellants' delinquent tax obligations. On appeal, Appellants argue that the Bankruptcy Court abused its discretion in lifting the automatic stay. For the following reasons, the decision of the Bankruptcy Court will be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants commenced a Chapter 7 bankruptcy on March 19, 2018. At the time Appellants filed their petition, the IRS claimed Appellants owed over $250,000 in past-due income tax liabilities, for which the IRS filed notices of federal tax liens. On December 3, 2018, Appellee moved the Bankruptcy Court to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for the purpose of permitting the IRS to reinstate collection by levying on Gary Pansier's pension and applying those funds to Appellants' delinquent federal income tax obligations for years 1995

through 2006 and 2014. On February 20, 2019, the Bankruptcy Court held a hearing on Appellee's motion and issued an oral ruling granting the motion. The court modified the stay to permit Appellee to collect up to $2,309.33 of Gary Pansier's pension income each month under applicable nonbankruptcy law. The Bankruptcy Court subsequently issued a memorandum decision on the motion on February 25, 2019.

Appellants moved for reconsideration of the Bankruptcy Court's order lifting the stay on March 8, 2019. They argued that the Bankruptcy Court failed to address their contention that the statute of limitations on collection had expired for the years 1995 through 1998 and that Appellee's proof of claim represented a fraudulent security interest. On April 3, 2019, the Bankruptcy Court amended its order lifting the stay to permit the IRS to seek to levy the subject pension to collect the debtors' tax liabilities for years 1999 through 2006 and 2014 and excluded tax years 1995 through 1998. The court found that Appellee had demonstrated a sufficiently colorable security interest to seek relief from the stay to enforce that interest and left the parties free to litigate the statute-of-limitations dispute in another forum. Appellants filed the instant appeal on April 12, 2019.

## ANALYSIS

Federal district courts have jurisdiction to hear appeals of bankruptcy court orders under 28 U.S.C. § 158(a). A district court reviews a bankruptcy court's determinations of law de novo and its findings of fact for clear error. *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Under this standard, the bankruptcy court's decision must be affirmed.

When a bankruptcy petition is filed, the automatic stay provisions of 11 U.S.C. § 362(a) take effect and prohibit creditors from taking certain actions to collect their debts. The protection of the automatic stay is not absolute, however. Under 11 U.S.C. § 362(d)(1), the automatic stay may be lifted "for cause, including the lack of adequate protection in an interest in property." The bankruptcy court "has discretion whether and to what extent it will grant relief from the stay." *In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998). The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property, and the debtor has the burden of proof on all other issues. *See* 11 U.S.C. § 362(g). "Courts have interpreted section 362(g)(2) to mean the movant must first establish a prima facie case, which then must be rebutted by the debtor if relief from stay is to be avoided." *In re Spencer*, 531 B.R. 208, 212 (Bankr. W.D. Wis. 2015).

Appellants argue that the Bankruptcy Court erred in granting Appellee's motion because Appellee failed to show that Appellants' stream of income would cease to exist and thus failed to meet its initial burden of proof. Having reviewed the record, it cannot be said that the Bankruptcy Court's decision to lift the automatic stay was an abuse of discretion. Appellee asserted in its motion to lift the stay that Appellants were consuming and eroding their approximately $2,300 in discretionary income to pay their personal expenses rather than make payments toward their significant liabilities to the IRS. In assessing Appellee's motion to lift the automatic stay, the Bankruptcy Court recognized that, while Appellants had at least $2,309.33 in discretionary income, Appellants neither offered to provide adequate protection to Appellee nor used their discretionary income to make payments to the IRS during the stay. The court explained that, to the extent Appellants are not using this excess income to make payments to the IRS's claim, they receive a benefit at the IRS's expense, as the unpaid claim continues to grow the longer the automatic stay is in effect.

3

The court also considered the unlikelihood of the IRS realizing the full value of its lien during the probable remaining lifespans of Appellants, who, at the time of the bankruptcy petition's filing, were 70 and 82 years old. Appellants assert that the Bankruptcy Court erred when it lifted the automatic stay based on the premise that Appellee most likely was not adequately protected for the remainder of the lifespans of both Appellants in determining the appropriate amount of adequate protection. The Bankruptcy Court did not seek to improperly protect the IRS for the lifespan of the debtors, however. Instead, the court noted Appellants' own concession that, given the accrual of penalties and interest on the amount the IRS claims Appellants owe, it is highly unlikely that the tax liabilities would be paid off in either Appellants' lifetimes, even if the stay is lifted, and merely considered this factor in assessing whether Appellee's lien interest is adequately protected during the stay. The court further observed that lifting the stay would not interfere with the bankruptcy case because the property at issue is not property of the estate and will not be liquidated for the benefit of unsecured creditors, nor is it necessary to fund a Chapter 13 plan. Based on these circumstances, the Bankruptcy Court concluded Appellee's interest was not adequately protected and that cause therefore existed to lift the stay. It was not an abuse of discretion for the court to so find.

Appellants further assert that the Bankruptcy Court erred in finding that Proof of Claim 2-1 filed by the IRS constituted prima facie evidence of the validity and amount of the claim as a basis to lift the automatic stay. A decision to modify the stay is "only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere." *Rinaldi v. HSBC Bank USA, N.A. (In re Rinaldi)*, 487 B.R. 516, 530 (Bankr. E.D. Wis. 2013). In other words, a creditor need only establish a "colorable claim" to property. *See In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1234 (7th Cir. 1990) ("Questions of the validity of liens are not generally at issue

4

in a § 362 hearing, but only whether there is a colorable claim of a lien."). Although Appellants assert that the IRS's proof of claim is false because it seeks to collect income tax for tax liabilities that have expired, the Bankruptcy Court was not required to adjudicate the validity of the IRS's claim in deciding the motion to lift the stay.

The Bankruptcy Court found that Appellee had established a sufficiently colorable security interest to seek relief from the stay to enforce that interest. Even without considering the amounts allegedly owed for the tax years between 1995 and 1998, the IRS's remaining claim amounts to over $136,000 and is secured by recorded federal tax liens. The court reserved Appellants' challenge to the enforceability of the portion of the IRS's claim attributable to the tax years 1995 through 1998 "for another day in another forum" and amended its original order to state that the stay of 11 U.S.C. § 362 is modified to permit the United States to exercise its rights and remedies with respect to up to $2,309.33 of Mr. Pansier's pension income under applicable nonbankruptcy law, for the purposes of seeking to collect Appellants' tax liabilities for tax years 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2014, only. Dkt. No. 2-1 at 30. Because the Bankruptcy Court applied the law correctly and made no clearly erroneous factual findings, it did not abuse its discretion by lifting the automatic stay to allow the IRS to collect Gary Pansier's pension income and apply those funds to Appellants' delinquent tax obligations. Accordingly, the bankruptcy court's decision is **AFFIRMED**.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of December, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court